Richard D. Wall, P.S.
Attorney at Law
221 W. Main Avenue, Suite 200
Spokane, WA  99201
(509) 747-5646

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   vs.<br><br>WAYDE LYNN KURT,<br><br>   Defendant. | Case No.:  CR-10-0114-WFN<br><br>DEFENDANT'S RESPONSE TO MOTION TO EXCLUDE OR LIMIT EVIDENCE |

BACKGROUND:

Defendant Wayde Kurt is charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924.  The charge arises out an incident on August 21, 2010, in which Mr. Kurt is alleged to have been in possession of several firearms while in the presence of a Confidential Informant.  The defense has notified the Government that Mr. Kurt intends to present a defense of entrapment.

DEFENDANT'S RESPONSE TO   - 1 -
MOTION TO EXCLUDE OR LIMIT
EVIDENCE

Richard D. Wall
Attorney at Law
221 W. Main Ave., Suite 200
Spokane, WA  99201
(509) 747-5646

The Government has moved for an order limiting or excluding entirely any presentation of evidence by the defense on the issue of entrapment. The Government argues that because the Confidential Informant did not become a government agent until sometime in February 2010, and there is evidence that Mr. Kurt may have been in possession of firearms or may have intended to possess firearms prior to that date, the defense cannot prove entrapment as a matter of law.

ARGUMENT:

A Defense of entrapment is established by evidence that the defendant was induced by a government agent to commit the crime and was not otherwise pre-disposed to commit the crime. *United States v. Smith*, 924 V.2d 889, 898 (9th Cir. 1991). To be entitled to jury instruction on entrapment, a defendant need present only enough evidence to create a question of fact as to each of the two elements. *United States v. Kessee*, 992 F.2d 1001, 1003 (9th Cir. 1993), *citing United States v. Sotelo-Murillo*, 887 F.2d 176, 179 (9th Cir. 1989). The evidence of entrapment may be weak, inconsistent, insufficient, and of doubtful credibility. Nevertheless, the defendant is entitled to the instruction unless the government is able to rebut the evidence to the extent that no rational juror could entertain a reasonable doubt as to either element. *Id., citing Unites States v. Hoyt*, 879 F.2d 505, 509, *amended on other grounds*, 888 F.2d 1257 (9th Cir. 1989); *see also, United States v. Becerra*, 992 F.2d 960, 963 (9th Cir. 1993).

DEFENDANT'S RESPONSE TO - 2 -
MOTION TO EXCLUDE OR LIMIT
EVIDENCE

Richard D. Wall
Attorney at Law
221 W. Main Ave., Suite 200
Spokane, WA 99201
(509) 747-5646

Here, the Government asks this Court to exclude Mr. Kurt's evidence of entrapment as being insufficient to require the giving of a jury instruction without the Court having the benefit of actually hearing the evidence. The evidence in support of Mr. Kurt's entrapment defense will come from Mr. Kurt, from other defense witnesses, and from the Confidential Informant.

The defense believes that the evidence will establish that Mr. Kurt was not pre-disposed to commit the offense for which he is charged by showing that he was presented with other opportunities to commit the offense but did not do so prior to being enticed to commit the offense by the Confidential Informant.

The defense believes that the evidence will also show that the government took advantage of Mr. Kurt's desire to remain in contact with the Confidential Informant, a known associate of several members of a violent racist group who had committed multiple assaults on targeted individuals, for his own protection and in order to protect others, and that the Confidential Informant encouraged Mr. Kurt to commit an offense that he would not otherwise have committed.

Whether the defense is ultimately able to produce evidence sufficient to require the giving of an entrapment instruction and whether the government is able to rebut any such evidence to the extent that no reasonable juror would entertain any doubt as to either element of the entrapment defense is a matter that can be determined only after the Court has actually heard the evidence at trial. The

DEFENDANT'S RESPONSE TO    - 3 -
MOTION TO EXCLUDE OR LIMIT
EVIDENCE

Richard D. Wall
Attorney at Law
221 W. Main Ave., Suite 200
Spokane, WA  99201
(509) 747-5646

Government cites no authority for the proposition that a court can either limit or exclude evidence of entrapment simply because, in the Government's view, such evidence ultimately will be insufficient to establish the defense. The Government request that this court preclude in a pre-emptive manner any attempt by Mr. Kurt to establish an entrapment defense at trial without actually hearing the evidence is not supported by any legal authority and should be denied.

Dated this 2nd day of September, 2011.

s/ Richard D. Wall, WSBA #16581
Attorney for Defendant
Richard D. Wall, P.S.
423 W. First Avenue, Suite #250
Spokane, WA 99201
Telephone: (509) 747-5646
Fax: (509) 747-5692
E-mail: rdwallps@comcast.net

DEFENDANT'S RESPONSE TO MOTION TO EXCLUDE OR LIMIT EVIDENCE - 4 -

Richard D. Wall
Attorney at Law
221 W. Main Ave., Suite 200
Spokane, WA 99201
(509) 747-5646

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September 2011, I electronically field the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Earl Hicks and Stephanie Van Marter, Assistant United States Attorneys.

>
> s/ Richard D. Wall, WSBA #16581
> Attorney for Defendant
> Richard D. Wall, P.S.
> 221 W. Main Avenue, Suite 200
> Spokane, WA 99201
> Telephone: (509) 747-5646
> Fax: (509) 747-5692
> E-mail: rdwallps@comcast.net

DEFENDANT'S RESPONSE TO - 5 -
MOTION TO EXCLUDE OR LIMIT
EVIDENCE

Richard D. Wall
Attorney at Law
221 W. Main Ave., Suite 200
Spokane, WA 99201
(509) 747-5646