UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   -vs-<br><br>WAYDE LYNN KURT,<br><br>                Movant. | Nos.  2:10-CR-00114-WFN<br>          2:11-CR-00161-WFN<br><br>ORDER DENYING MOVANT'S<br>§ 2255 MOTION |

Before the Court is pro se Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF Nos. 209 (2:10-CR-00114-WFN) and 50 (2:11-CR-00161-WFN), to which the Government has not responded. Movant seeks to vacate and set aside the judgments and sentences imposed in both of the above captioned cause numbers.

## PROCEDURAL HISTORY

Under cause number 2:10-CR-00114-WFN, Movant was charged with being a felon in possession of a firearm. Movant proceeded to trial and the jury returned a guilty verdict. The Court sentenced Movant to 120 months imprisonment. At sentencing, the Court increased Movant's base offense level by four levels for possessing a firearm in connection with another felony and two levels for obstruction of justice.

On direct appeal, Movant argued that the Court erred by (1) refusing to give entrapment instructions, (2) excluding book excerpts and photographs, and (3) applying the two sentencing enhancements. A panel of the Ninth Circuit affirmed the Court's judgment in an unpublished opinion. *United States v. Kurt*, 532 Fed. Appx. 723 (9th Cir. 2013). The Ninth Circuit found that Movant did not present sufficient evidence of inducement to warrant the entrapment instructions. *Id.* at 724. The Ninth Circuit also found no error in the Court's evidentiary rulings and sentencing enhancements. *Id.* at 725-

ORDER DENYING MOVANT'S § 2255 MOTION - 1

27. Judge Tashima dissented, concluding that the Court should have instructed the jury on the entrapment defense. Judge Tashima equated the Court's failure to give entrapment instructions to "enter[ing] a directed verdict for the government." *Id.* at 728 (Tashima, J., dissenting).

In cause number 2:11-CR-00161-WFN, Movant was charged with Aggravated Identity Theft (Count 1), Unlawful Production of an Identification Card (Counts 2 and 4), Unlawful Possession of an Identification Card (Counts 3 and 5), and False Statement (Count 6). Movant pled guilty to Counts 2 and 6 of the Indictment. The Court sentenced Movant to 36 months imprisonment for each count, to be served concurrent to one another, but consecutive to the 120 month sentence imposed in 2:10-CR-00114-WFN. Movant appealed from the judgment and conviction, but the parties later stipulated to dismiss the appeal.

On April 14, 2014, Movant filed the current Motion alleging ineffective assistance of counsel.

## APPLICABLE LAW

The Sixth Amendment provides that an accused in a criminal prosecution has a right to the assistance of counsel. U.S. CONST. amend. VI. To show a deprivation of the Sixth Amendment right to counsel, a movant must establish both that his lawyer's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

A "deficient" performance is one that is not reasonably effective, where an objective standard guides judgments of reasonableness. *Id.* at 687-88. To satisfy *Strickland's* first prong, the acts or omissions must fall "outside the wide range of professionally competent assistance." *Id.* at 690. That is, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. There is a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Id.* at 689.

A deficient performance prejudices a defense if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

ORDER DENYING MOVANT'S § 2255 MOTION - 2

different." *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id. Strickland*'s second prong thus "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.  A Court need not address the prejudice prong if counsel's performance was not deficient.  *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002).

## DISCUSSION

Movant contends that his trial counsel was ineffective as counsel failed to (1) correct the Court's misapprehension of certain facts on which the Court based its decision not to instruct the jury on entrapment, (2) raise "fear" as the Government's inducement of entrapment, (3) appeal a prior conviction used at sentencing that was constitutionally "infirm and void," and (4) object to a special condition of supervised release requiring Movant to undergo a mental health evaluation.

**1. Movant fails to show that counsel was ineffective by failing to correct the Court's misapprehension of certain facts on which the Court based its decision not to instruct the jury on entrapment.**

Movant argues that defense counsel was ineffective during the jury instruction conference because counsel did not "correct" the Court's erroneous understanding of the facts of the case and because counsel did not object to the "directed verdict" that resulted from the Court's decision not to instruct the jury on entrapment.  Movant argues that defense counsel should have submitted a written brief challenging the Government's portrayal of, and the Court's misunderstanding of, the facts presented at the jury instruction conference.

Movant fails to show that defense counsel's performance was deficient.  Defense counsel vigorously objected to the Court's decision not to give the entrapment instructions. At the jury instruction conference, counsel set forth all the facts that he believed justified the instructions.  Defense counsel argued that David Udseth, the Government informant, encouraged Movant to obtain weapons, specifically a reloader.  (Tr. at 861.) (Udseth himself denied that he encouraged Movant to obtain a reloader (Tr. at 215) and Movant

testified that Udseth did not threaten or coerce him into obtaining weapons (Tr. at 790-71)). Counsel also argued that Movant did not obtain any weapons until after discussions with Udseth in August 2010. (Tr. at 862.) (A significant amount of evidence suggested that Movant possessed some firearms prior to August 2010.) Counsel further argued that the Court must consider entrapment in the "context" of Movant joining, and later withdrawing from, the Vanguard Kindred, "the assault on Anthony [Johnson]," and Movant's relationship with Udseth. (Tr. at 862-63.)

Although Movant frames this issue as a failure on the part of defense counsel, Movant is essentially challenging the Court's decision not to instruct the jury on entrapment. On direct appeal, the Ninth Circuit concluded that the Court did not abuse its discretion in finding that no reasonable jury could conclude that Movant was entrapped. The Ninth Circuit found that "[Movant] provided no evidence of government pressure or incentives that would prompt a law-abiding person to commit the offense." *Kurt*, 532 Fed. Appx. at 725. The Ninth Circuit did not question or criticize the Court's understanding of the facts presented by counsel at the jury instruction conference. Under such circumstances, defense counsel did not act unreasonably by failing to "correct" the Court's understanding of the facts or by failing to request leave to file a written brief. Movant fails to overcome the presumption that defense counsel acted "within the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

**2. Movant fails to show that defense counsel was ineffective by failing to argue that Movant's fear of Udseth constituted inducement for purposes of entrapment.**

Movant argues that defense counsel was ineffective because counsel did not argue that Movant's fear for his friends and family constituted inducement and provided grounds for entrapment instructions. Movant argues he obtained weapons at the behest of Udseth out of fear for the safety of Anthony Johnson (Movant's "adopted homeless person"). ECF No. 209-1 at 12 (2:10-CR-00114-WFN); ECF No. 51 at 12. Movant claims that defense counsel could have established fear as the inducement for entrapment by presenting evidence regarding Udseth's affiliation with white supremacy groups and association with Keegan Van Tuyl, a white supremacy group leader. Movant claims that defense counsel

was ineffective because counsel failed to impeach Udseth on these grounds. Movant also claims that defense counsel was ineffective by failing to subpoena or present evidence including recorded phone calls between Van Tuyl and Udseth and newspaper articles about Van Tuyl.

The Court finds Movant's argument flawed because fear of a government agent is "insufficient to entitle [a defendant] to an instruction on entrapment." *United States v. Saturley*, 1989 WL 145363, at *1 (9th Cir. 1989); *see also id.* (noting that "such fear . . . would lead to a defense of duress rather than entrapment."). Because fear of a government agent is insufficient to show inducement for purposes of entrapment, defense counsel was not ineffective for failing to pursue the strategy now advanced by Movant. Movant also fails to show that defense counsel's impeachment of Udseth or presentation of evidence rises to the level of deficient performance. *See Reynoso v. Giurbino*, 462 F.3d 1099, 1113 (9th Cir. 2006) ("[M]atters such as counsel's approach to impeachment are often viewed as tactical decisions, and such decisions do not constitute deficient conduct simply because there are better options.") (internal quotation marks omitted). Movant fails to overcome the presumption that defense counsel acted "within the wide range of professionally competent assistance" by failing to argue that Movant's fear of Udseth constituted inducement for purposes of entrapment. *Strickland*, 466 U.S. at 690.

**3. Movant fails to show that counsel was ineffective by failing to appeal the Court's use of a prior conviction to calculate Movant's criminal history.**

Movant argues that defense counsel was ineffective because counsel failed to appeal the Court's use of a prior conviction to calculate Movant's criminal history because the conviction was constitutionally infirm and presumptively void. Movant is referring to a 2004 conviction for Theft of Government Property, for which the Court sentenced Movant to 18 months imprisonment. In that case, Movant was convicted for theft of a vehicle tracking device placed on his vehicle by United States Secret Service agents. The Ninth Circuit affirmed Movant's conviction. *United States v. Kurt*, 143 Fed. Appx. 848 (9th Cir. 2005).

At sentencing, defense counsel argued that Movant's Theft of Government Property conviction was "constitutionally infirm and presumptively void" because the Government "abandoned" the tracking device by placing it on Movant's vehicle. *See* ECF No. 168 at 14-15. The Court found this argument meritless and assigned the conviction three criminal history points as recommended in the Presentence Investigation Report (PSR). Defense counsel did not appeal the Court's ruling on this issue. In the pending motion, Movant presents the exact same argument and claims that counsel was ineffective for failing to appeal the issue.

"Claims of ineffective assistance of appellate counsel are reviewed according to the [same standard that applies to trial counsel]." *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002). "To be constitutionally effective, counsel need not appeal every possible question of law." *Id.* (internal quotation marks omitted). Appellate counsel need not appeal issues that have no merit or issues that are clearly untenable. *Id.*

Movant fails to show that defense counsel was ineffective by failing to appeal the Court's refusal to discount the criminal history points assigned to Movant's 2004 Theft of Government Property. Given that Movant's 2004 conviction was upheld on appeal, the argument that the conviction is "constitutionally infirm and presumptively void" has no merit and is clearly untenable. Movant fails to overcome the presumption that defense counsel acted "within the wide range of professionally competent assistance" by not appealing this issue. *Strickland*, 466 U.S. at 690.

**4. Movant fails to show that defense counsel was ineffective by failing to object to the special condition of supervised release requiring Movant to participate in a mental health evaluation.**

The Court sentenced Defendant in both cases on May 15, 2012. In both cases, the Court imposed Special Condition 14, which requires Movant to "complete a mental health evaluation and follow any treatment recommendations of the evaluating professional [(subject to some exceptions)]." (ECF No. 178 at 4 (2:10-CR-00114-WFN); ECF No. 38 at 4.) Movant argues that defense counsel was ineffective by failing to object to this special condition of release.

"A district court has broad discretion to impose supervised release conditions." *United States v. Lopez*, 258 F.3d 1053, 1056 (9th Cir. 2001). 18 U.S.C. § 3583(d)

> allows a court to impose any condition it considers to be appropriate so long as the condition is reasonably related to the factors set forth in § 3553, involves no greater deprivation of liberty than reasonably necessary to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, and is consistent with any pertinent policy statements in the guidelines.

*Id.* at 1056-57 (internal quotation marks and footnote omitted).

"[A] condition requiring participation in a mental health program is a routine (albeit "special") condition of supervised release." *Id.* at 1056. The United States Sentencing Guidelines recommend that a special condition of mental health program be imposed "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment." U.S.S.G. § 5D1.3(d)(5). Even in the absence of evidence that a defendant is mentally ill, the Court may still require a defendant to participate in a mental health evaluation when a defendant's underlying criminal conduct is of a "violent, fanatical and highly destructive nature." *United States v. Williams*, 52 Fed. Appx. 983, 985 (9th Cir. 2002).

As detailed in the PSR, and as observed by the Court during trial, Movant has a twisted worldview and has no remorse for his actions. Movant has, at one time or another, planned to carry out a "final solution," kill the President of the United States, and engage in acts of terrorism similar to the Oklahoma City bombing. Movant has a lengthy criminal history, mostly involving counterfeiting, but believes that he has done nothing illegal. *See*, *e.g.*, Tr. at 771 ("I don't think I did anything to harm anyone, ever."). Movant's prior periods of supervised release have been unsuccessful. A mental health evaluation may reveal that Movant has no psychological abnormalities or may suggest that Movant needs mental health treatment. Treatment may deter Movant from continuing to engage in criminal activities and help him understand right from wrong. A mental health evaluation

and subsequent treatment may also protect the public from the various consequences of Movant's fanatical and destructive behavior. Defense counsel was not deficient by failing to object to this special condition of release because there were no grounds for objection. Special Condition 14 provides Movant with "needed . . . correctional treatment," 18 U.S.C. § 3553(a)(2), and involves no greater deprivation of liberty than is reasonably necessary to achieve these ends, *id.* § 3583(d).

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Judge issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes jurists of reason would not find the Court's rulings debatable. Thus, a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that:

1. Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed April 14, 2014, **ECF Nos. 209 (2:10-CR-00114-WFN) and 50 (2:11-CR-00161-WFN)**, is **DENIED**.

2. Movant's Motion Requesting Court Records as an Indigent, filed April 14, 2014, **ECF Nos. 211 (2:10-CR-00114-WFN) and 53 (2:11-CR-00161-WFN)**, is **DENIED**. Movant adequately cites to the record where appropriate. Movant fails to demonstrate how any of the requested transcripts are pertinent to the issues raised in his § 2255 motion.

3. Movant's Motion Setting Hearing Date, filed April 14, 2014, **ECF Nos. 212 (2:10-CR-00114-WFN) and 54 (2:11-CR-00161-WFN)**, is **DENIED**.

The District Court Executive is directed to:

- File this Order and provide copies to pro se Movant and to the United States Attorney in Spokane, Washington;

ORDER DENYING MOVANT'S § 2255 MOTION - 8

- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil files, **2:14-CV-00099-WFN** and **2:14-CV-00100-WFN**.

**DATED** this 28th day of April, 2014.

04-24-14

                        s/ Wm. Fremming Nielsen
                        WM. FREMMING NIELSEN
        SENIOR UNITED STATES DISTRICT JUDGE